PETER McGOUGH *vs.* THOMAS H. WELLINGTON.

In an action against an officer for the conversion of goods, in which he justifies the taking on the ground that he attached them on a writ against another person, to whom they belonged, and from whom the plaintiff did not derive his title, declarations of that person that the goods belonged to him, if not made in the presence of the plaintiff, are inadmissible in defence.

The omission to take out execution upon a judgment within thirty days does not render an officer liable as a trespasser *ab initio* for attaching goods upon the original writ, to one to whom the owner had transferred the same by a sale which was in fraud of creditors.

TORT against a deputy sheriff for the conversion of various articles of furniture and several hundred pounds of pork. The defendant justified the taking of the articles on the ground that he attached them on writs against Ann McGough, to whom they belonged.

At the trial in the superior court, before *Vose*, J., the plaintiff introduced evidence tending to show that before the attachments he purchased the furniture from Ann, and that he raised the pigs of which the pork was a part. The defendant contended that the sale of the furniture was in fraud of creditors, and

that the pigs belonged to Ann; and he was allowed to introduce evidence, under objection, of a declaration by Ann, not made in the plaintiff's presence, that the pigs belonged to her.

The writs on which the defendant attached the property were duly entered in the superior court, and judgments rendered thereon at October term 1861; but executions were not issued until the following February. The plaintiff asked the court to rule that the omission to take out execution rendered the defendant liable as a trespasser *ab initio;* but the judge declined so to rule.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*G. M. Stearns,* for the plaintiff.

*A. L. Soule,* for the defendant.

METCALF, J. The judge's refusal to instruct the jury that the defendant was liable, as a trespasser *ab initio,* was clearly right. The only error in the trial was the admission in evidence of the declaration of Ann McGough as to her ownership of a part of the property which the defendant attached as hers.

All the property mentioned in the plaintiff's declaration, except the pork, was claimed by the plaintiff under a sale thereof to him by his sister, Ann McGough; and the question on which the defence of the action turned was whether that sale was fraudulent and void as against her creditors for whom the defendant attached it. The plaintiff did not claim the pork under a sale from his sister, but denied that it ever belonged to her, and contended that it was always his own. And he introduced testimony for the purpose of proving that fact, which, if proved, would have supported his action so far as to have entitled him to damages for the attachment of the pork. To control that testimony, the defendant was permitted, against the plaintiff's objection, to introduce, among other evidence, the declaration of Ann McGough, not made in the plaintiff's presence, that the swine, of which the pork was a part, were hers, and were bought by the plaintiff with her money. Evidence of that declaration should have been excluded. She was a competent witness, and might have been called by either party. If she had been called

by the plaintiff, and had testified that the pork was never her property, the defendant might then, for the purpose of discrediting her testimony, have given evidence of her having made a contrary declaration. *Exceptions sustained.*